UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------ x
:
EQUAL EMPLOYMENT OPPORTUNITY : Civil Action No.
COMMISSION, : 3:17-CV-03220-MAS-TJB
:
                Plaintiff, :
:
                v. :
:
DIVERSE LYNX, LLC, :
:
                Defendant. :
:
------------------------------------------------------------------ x

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

---

                Sebastian Riccardi
                Trial Attorney

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                33 Whitehall Street, 5th Floor
                New York, NY 10004

Motion Day: August 21, 2017. Oral Argument requested on a date and at a time designated by the Court.

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................................1

I.   LEGAL STANDARD ....................................................................................................................2

II.  THE CHALLENGED AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW OR REDUNDANT, AND FAILURE TO STRIKE THOSE INVALID DEFENSES WOULD PREJUDICE THE EEOC AND THE PUBLIC. ......................................................................3

   A.  The Equitable Defenses of Unclean Hands, Estoppel, and Waiver Are Unavailable and/or Require Specific Facts When Asserted Against a Government Plaintiff Acting in the Public Interest. ...............................................................................................................................4

      1.  Unclean Hands..................................................................................................................4

      2.  Estoppel............................................................................................................................6

      3.  Waiver ..............................................................................................................................7

   B.  Defendant's 7th, 9th, 10th, 11th, 14th, 15th, 17th, and 19th Affirmative Defenses Should Be Stricken Because They Are Not Defenses to the EEOC's Claim Under the Age Discrimination in Employment Act .......................................................................................8

      1.  Plaintiff Has Not Suffered Damages ................................................................................8

      2.  Punitive Damages Barred.................................................................................................9

      3.  Preventative-Remedial Measures...................................................................................10

      4.  Worker's Compensation Law.........................................................................................11

   C.  Defendant's 3rd, 5th, 16th, 18th, and 20h Affirmative Defenses Should Be Stricken as Redundant Because They Are Just Restatements of the Denials Already Included in the Answer ......11

CONCLUSION...................................................................................................................................13

# **TABLE OF AUTHORITIES**

Cases

*Bartko v. Sec. & Exch. Comm'n*, 845 F.3d 1217 (D.C. Cir. 2017) ............................................................6

*Bayer CropScience AG v. Dow AgroSciences LLC*, No. CIV. 10-1045 RMB/JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011) ..............................................................................................8

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) ..................................................................12, 13

*Cheruku v. Attorney Gen. of U.S.*, 662 F.3d 198 (3d Cir. 2011) ....................................................8

*Cipollone v. Liggett Group, Inc.,* 789 F.2d 181 (3d Cir. 1986) .....................................................3

*City of New York v. FedEx Ground Package Sys.*, 314 F.R.D. 348 (S.D.N.Y. 2016) ..............9

*Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010) ............................7, 8, 9, 10

*DirecTV, Inc. v. Weikel*, No. CIV. 03-5300 (JBS), 2005 WL 1243378 D.N.J May 25, 2005) ....................3

*EEOC v. Recruit U.S.A., Inc.,* 939 F.2d 746 (9th Cir. 1991) ........................................................5

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) ....................................................................11

*Esai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 247 F.R.D. 445 (D.N.J. 2007) ....................7

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) ..............................................................12

*FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22 (E.D.N.Y. 1990) .........................4

*General Tel. Co. v. EEOC*, 446 U.S. 318 (1980) ..................................................................6, 11

*Heckler v. Cmty. Health Servs.*, 467 U.S. 51 (1984) ...............................................................6, 8

*Innovative Sports, Mgmt., Inc. v. Neto*, No. CIV.A. 13-1497 SRC, 2013 WL 5935982 (D.N.J. Nov. 1, 2013) ..................................................................................................................4

*La. Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp.*, 53 F.R.D. 458 (D. Del. 1971) .............4

*Martin v. Nationsbank of Ga., N.A.*, No. 1:92-CV-1474, 1993 U.S. Dist. LEXIS 5322 (N.D. Ga. Apr. 6, 1993) ......................................................................................................................5

*Newborn Bros. Co., Inc. v. Albion Engineering Co.*, 299 F.R.D. 90 (D.N.J. 2009) ...................3

*Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004) .......................................................13

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806 (1945) ......................6

*S.E.C. v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) ........................................................9

*Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089 (3d Cir. 1995)..........................................11

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) ............................................12

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395 (D. Del. 2009).........3

*Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200 (D.N.J. 1993) .......................................3

*U.S. v. Marisol, Inc.*, 725 F. Supp. 833, 836 (E.D. Pa. 1989).....................................................2

*United States v. Kramer,* 757 F. Supp. 397 (D.N.J. 1991) .........................................................3

*United States v. N.Y. Metro. Transp. Auth.*, CV 2004-4237, 2006 WL 708672 (E.D.N.Y. January 12, 2006) ..................................................................................................................................5

*United States v. Philadelphia Elec. Co.*, 351 F. Supp. 1394 (E.D. Pa. 1972) ..........................5, 6

*Willow Inn, Inc. v. Public Service Mut. Ins. Co.*, 399 F.3d 224 (3d Cir. 2005)..........................12

Statutes

29 U.S.C. § 621 *et seq.*................................................................................................................1

29 U.S.C. § 626(b) ..................................................................................................................9, 11

Rules

Federal Rule of Civil Procedure 12(f) .........................................................................................2

Federal Rule of Civil Procedure 9(b)........................................................................................5, 6

Treatises

Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1969) ....2

Constitutional Provisions

U.S. Constitution Art. VI. § 2 ....................................................................................................11

## **INTRODUCTION**

This is an action brought in the public interest by Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, to correct unlawful discrimination on the basis of age. As set forth more fully in the Complaint (ECF No. 1), the EEOC alleges that Defendant Diverse Lynx, LLC discriminated against Kadambi Vijaisimh when it refused to submit Mr. Vijaisimh for a job opening on the basis of age. The EEOC moves to strike sixteen of Defendant's twenty affirmative defenses to the action. Each of the asserted defenses is insufficient as a matter of law or redundant, and failure to strike the defenses would unnecessarily delay this action and prejudice the EEOC by requiring it to undergo lengthy and burdensome discovery regarding unavailable or insupportable defenses. In this straightforward, individual discrimination action, the EEOC seeks to proceed to an efficient resolution. Allowing Defendants' insufficient and misplaced affirmative defenses would only result in undue burden and delay.

Defendant is an employment agency which recruits and places applicants at jobs in the information technology sector. In or around May of 2014, Mr. Vijaisimh, who was 69 years old at the time, submitted his resume to Defendant. Compl. ¶ 6a. He was contacted by one of Defendant's recruiters about a job opportunity for which he was qualified. Compl. ¶ 6b-d. The day after the parties agreed on a salary, Defendant sent an email to Mr. Vijaisimh, which stated in full:

> Thanks for your reply. I check the details of [*sic*] you. And you [*sic*] born in 1945. So I discussed with the client side. Age will matter. So that's why I can't [*sic*] be able to submit your profile to client side. Compl. ¶ 6f.

After telling Vijaisimh that Defendant would not submit his resume for consideration because of his age, Diverse Lynx, LLC abruptly ended Vijaisimh's application process. Compl. ¶ 6g.

On July 10, 2017, Defendant filed its Answer (ECF No. 6). In the body of its Answer, Defendant denies all the factual claims in the Complaint except for Paragraph 6f describing the email it sent to Mr. Vijaisimh telling him that his age was the reason it could not submit his resume for a job opening. Additionally, Defendant included twenty affirmative defenses. The EEOC respectfully requests that the Court strike Defendant's Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses from Defendant's Answer for the reasons set forth herein.

**I.     LEGAL STANDARD**

A motion to strike affirmative defenses is governed by Federal Rule of Civil Procedure 12(f), which gives the Court the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense." *U.S. v. Marisol, Inc.*, 725 F. Supp. 833, 836 (E.D. Pa. 1989)(*citing* Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 782 (1969)). Even though they are often viewed with disfavor, motions to strike "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *United States v. Kramer,* 757 F. Supp. 397, 410 (D.N.J. 1991).

A motion to strike a defense may be granted when "the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir. 1986). A court

may strike an affirmative defense as insufficient "if it is not recognized as a defense to the cause of action or if the defense could not possibly prevent recovery under any pleaded or inferable set of facts." *Newborn Bros. Co., Inc. v. Albion Engineering Co.*, 299 F.R.D. 90, 97 (D.N.J. 2009); *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993). Moreover, "a court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009).

The decision to strike an affirmative defense is committed to the discretion of the court and to prevail on a motion to strike affirmative defenses, a plaintiff must demonstrate prejudice or confusion of the issues. *DirecTV, Inc. v. Weikel*, No. CIV. 03-5300 (JBS), 2005 WL 1243378, at *2 D.N.J May 25, 2005); *Tonka Corp.*, 836 F. Supp. at 217. Forcing a plaintiff to engage in expensive and irrelevant discovery regarding a meritless affirmative defense is sufficient prejudice to justify granting a Rule 12(f) motion to strike. *Innovative Sports, Mgmt., Inc. v. Neto*, No. CIV.A. 13-1497 SRC, 2013 WL 5935982, at *2 (D.N.J. Nov. 1, 2013); *La. Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971).

## II. THE CHALLENGED AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW OR REDUNDANT, AND FAILURE TO STRIKE THOSE INVALID DEFENSES WOULD PREJUDICE THE EEOC AND THE PUBLIC.

The sixteen Affirmative Defenses that are the subject of this motion should be stricken because they are redundant or could not possibly prevent recovery under any pleaded or inferable set of facts. Requiring the EEOC to undergo lengthy and burdensome discovery, motion practice, and potentially trial on these invalid defenses would substantially prejudice the EEOC, the claimants, and the public. *See FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23

(E.D.N.Y. 1990)(when a defense "is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.")

    A. **The Equitable Defenses of Unclean Hands, Estoppel, and Waiver Are Unavailable and/or Require Specific Facts When Asserted Against a Government Plaintiff Acting in the Public Interest.**

        1. Unclean Hands

Defendant's Second Affirmative Defense, that "[p]laintiff's claims are barred, in whole or in part, by the doctrine of unclean hands" should be stricken because it could not possibly prevent recovery under any pleaded or inferable set of facts and its inclusion would prejudice the EEOC by leading to burdensome and irrelevant discovery. The equitable doctrine of unclean hands will not be "applied in a suit by the United States to frustrate the purpose of its laws or to thwart public policy." *United States v. Philadelphia Elec. Co.*, 351 F. Supp. 1394, 1398 (E.D. Pa. 1972); *see also EEOC v. Recruit U.S.A., Inc.,* 939 F.2d 746, 754 (9th Cir. 1991)("Denying the injunction on the basis of the EEOC's unclean hands would disserve the public interest in eliminating age, sex, and race discrimination in employment and would punish the innocent victims of discrimination for the errors of the EEOC"); *United States v. N.Y. Metro. Transp. Auth.*, CV 2004-4237, 2006 WL 708672, at *5 (E.D.N.Y. January 12, 2006) ("[W]hen the government acts . . . in the public interest, it cannot be subject to the unclean hands defense."); *United States v. Philip Morris, Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004) ("When . . . the Government acts in the public interest the unclean hands doctrine is unavailable as a matter of law."); *Martin v. Nationsbank of Ga., N.A.,* No. 1:92-CV-1474, 1993 U.S. Dist. LEXIS 5322, at *13 (N.D. Ga. Apr. 6, 1993) ("[Courts] refuse to apply the defense [of unclean hands] whenever the government acts in its sovereign capacity to enforce federal law.") "The government receives this special

4

treatment based on the notion that '[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined.'" *Bartko v. Sec. & Exch. Comm'n*, 845 F.3d 1217, 1227 (D.C. Cir. 2017)(*quoting Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 60 (1984)).

"When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *General Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980). Because the EEOC is acting to vindicate the public interest in this litigation, the application of the doctrine of unclean hands to this case would frustrate the purpose of the ADEA. Accordingly, the unclean hands defense should be stricken on that basis. *See Philadelphia Elec. Co.*, 351 F. Supp. at 1398.

Additionally, Defendant has not adequately pled its affirmative defense of unclean hands. The equitable doctrine of unclean hands provides a defense when a plaintiff does not act "fairly and without fraud or deceit." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945). Under Federal Rule of Civil Procedure 9(b) such allegations of fraud or inequitable conduct "shall be stated with particularity." *See Esai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 247 F.R.D. 445, 450 (D.N.J. 2007). Defendant has failed to plead any facts that allow an inference that the EEOC acted with fraud or deceit regarding the claims at issue in this case. The single conclusory sentence in Defendant's second affirmative defense does not meet Rule 9(b)'s standard and provides no facts that could support an inference that the EEOC acted with fraud or deceit such that its age discrimination claim should be foreclosed. Even under a more lenient pleading standard,

Defendant's conclusory assertion of its unclean hands defense fails to put the EEOC on notice of what unfair or fraudulent conduct Defendant claims it engaged in.

Allowing Defendant to proceed with its unclean hands defense would prejudice the EEOC by substantially burdening it with irrelevant discovery about its own actions. Accordingly, the unclean hands defense should be stricken from Defendant's Answer. *See Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 430 (S.D.N.Y. 2010) (striking legally insufficient unclean hands defense where the plaintiffs "would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result from litigating a legally insufficient unclean hands defense.")

2. Estoppel

Defendant's Fourth Affirmative Defense reads in full "[p]laintiff is estopped from asserting any claims against Defendant." This defense should be stricken because it could not possibly prevent recovery under any pleaded or inferable set of facts and its inclusion would prejudice the EEOC by leading to burdensome and irrelevant discovery.

"[I]t is well settled that the Government may not be estopped on the same terms as any other litigant." *Heckler*, 467 U.S. at 60. "To establish equitable estoppel against a government agency, a defendant must demonstrate that the agency 'made a misrepresentation upon which she reasonably relied to her detriment, and that the agency engaged in affirmative misconduct.'" *Cheruku v. Attorney Gen. of U.S.*, 662 F.3d 198, 208 (3d Cir. 2011)(internal alterations omitted). Because an estoppel defense against a government agency requires proof that the agency intentionally acted to mislead the defendant, it must be plead with particularity under Rule 9(b). *See e.g. Bayer CropScience AG v. Dow AgroSciences LLC*, No. CIV. 10-1045 RMB/JS, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011)("Because equitable estoppel has misleading conduct

6

by the patent holder as one of its elements, Defendant was required to plead this affirmative defense with particularity under Rule 9(b).")

Here, the pleadings "are void of any facts supporting a defense of estoppel." *Coach, Inc.*, 756 F. Supp. 2d at 426. Defendant does not even identify any misrepresentation from the EEOC, let alone plead with particularity the circumstances that constitute the affirmative misconduct necessary to make out a claim of estoppel against a government agency.

Allowing the estoppel defense to remain would prejudice the EEOC "by needlessly lengthening and complicating the discovery process and trial of this matter." *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326–27 (S.D.N.Y. 1999). Therefore, Defendant's equitable estoppel defense should be stricken.

    3. Waiver

Defendant's Sixth Affirmative Defense is that "Plaintiff's claims are barred, in whole or in part, by the waiver doctrine." This insufficient defense should be stricken because it could not possibly prevent recovery under any pleaded or inferable set of facts and its inclusion would prejudice the EEOC by leading to burdensome and irrelevant discovery.

The equitable defense of waiver may not be asserted against a government plaintiff acting in the public interest. *See City of New York v. FedEx Ground Package Sys.*, 314 F.R.D. 348, 357-358 (S.D.N.Y. 2016) (recognizing the "line of authority prohibiting equitable defenses from applying to government actors exercising broad discretion to discharge statutory duties"). Defendant fails to plead what the EEOC allegedly waived, and the Answer is devoid of any facts that even would give fair notice of a waiver defense. Waiver is "the intentional relinquishment of a known right." *Coach, Inc.*, 756 F. Supp. 2d at 428. Here, Defendant does not allege that the EEOC relinquished any of its rights, let alone that it did so intentionally. Thus, "there is no

7

question of fact or law that might allow a waiver defense to succeed, and the defense is therefore insufficient as a matter of law." *Id.* Moreover, failing to strike the legally insufficient defense of waiver would prejudice the EEOC by requiring it to "incur increased discovery costs in having to explore the factual basis for th[at] defense[]." *Id.* at 427.

### B. Defendant's 7th, 9th, 10th, 11th, 14th, 15th, 17th, and 19th Affirmative Defenses Should Be Stricken Because They Are Not Defenses to the EEOC's Claim Under the Age Discrimination in Employment Act

Defendant's Seventh, Ninth, Tenth, Eleventh, Fourteenth, Seventeenth and Nineteenth Affirmative Defenses are a grab bag of random defenses that appear to be transported from another lawsuit. None of them is relevant to the claims in this action and some appear to be sloppily cut-and-pasted from answers in other cases. Defendant's Seventh, Ninth, Tenth, and Eleventh Affirmative Defenses are based on the mistaken notion that the EEOC itself must have suffered damages in order to bring a case under the ADEA or that Mr. Vijaisimh is the plaintiff in this action. The others are defenses that have no applicability to claims for failure to refer to a job under the ADEA. Allowing these defenses to go forward will only confuse the issues in this case.

1. Plaintiff Has Not Suffered Damages

Defendant's Seventh, Ninth, Tenth, and Eleventh Affirmative Defenses are all some variant of the claim alleged in the Ninth Affirmative Defense that "[p]laintiff was not damaged in the manner or to the extent alleged in the Complaint."[1] These defenses are inapplicable where, as here, the plaintiff is the EEOC rather than an individual who has suffered employment

---

[1] The Seventh Affirmative Defense states "[p]laintiff has not suffered any damages attributable to the actions of Defendant." The Tenth claims that recovery is barred because "[p]laintiff's damages, if any, were proximately caused by Plaintiff's own actions." And the Eleventh Affirmative Defense claims that "[p]laintiff has failed to make reasonable efforts to mitigate her [*sic*] alleged damages." The fact that the Answer refers to the plaintiff as "she" seems to indicate that this Defense was simply cut-and-pasted wholesale from an answer in another case.

8

discrimination. When the EEOC files a lawsuit under the statutes that it enforces "the EEOC is not merely a proxy for the victims of discrimination." *General Telephone*, 446 U.S. at 326. Once the EEOC files suit, it is the party to the action: the employee who filed the charge has no independent cause of action and the EEOC determined the course of the litigation and the relief sought. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 290 (2002).

In this case, the EEOC need not demonstrate that it suffered damages, nor that it mitigated them. Rather the liability of the defendant will depend on the lost wages of the aggrieved individuals on whose behalf the EEOC brings suit. *See* 29 U.S.C. § 626(b). Allowing this defense to go forward will confuse the issues as well as force the EEOC to respond to discovery about a meritless defense.

### 2. Punitive Damages Barred

Defendant's Fourteenth Affirmative Defense, that "[a]ny claim for punitive damages is barred by applicable law and/or the constitution," are not defenses to this action because the Complaint does not seek punitive damages. Punitive damages are not available under the ADEA. Instead, under § 626(b), the ADEA provides for liquidated damages equal to an aggrieved individual's actual damages when the employer's discriminatory conduct is willful. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1099 (3d Cir. 1995). No law bars these damages and the insufficiency of the argument that these damages are unconstitutional is plainly apparent. Although some punitive damages awards may be so excessive as to violate due process, a one-to-one ratio of compensatory to punitive damages "is indicative of constitutionality." *Willow Inn, Inc. v. Public Service Mut. Ins. Co.*, 399 F.3d 224, 235 (3d Cir. 2005); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)(noting that a punitive damages award that

is equal to the compensatory damage award may be constitutional even for the largest damages awards).

        3. <u>Preventative-Remedial Measures</u>

Defendant's Fifteenth and Seventeenth Affirmative Defenses seek to extend a defense applicable to hostile work environment claims that has no place in the context of a case regarding the failure to refer for a job. Defendant's Fifteenth Defense is that it has an antidiscrimination policy and complaint procedure that Mr. Vijaisimh unreasonably failed to use. And its Seventeenth Defense is that it "took corrective/preventative measures before and after the alleged discrimination." These defenses have never been extended outside the harassment context to official company acts that result in the loss of tangible employment opportunities like the situation alleged in the Complaint.

Relying on agency principles, the Supreme Court, in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), has held that an employer will not be held liable for sexual harassment by a supervisor that does not culminate in a tangible employment action when: 1) "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior," but 2) the employee unreasonably failed avail themselves of the employer's corrective procedures. *Ellerth*, 524 U.S. at 765. However, based on the same principles of agency, an employer will always be liable when its discrimination results in a tangible employment action because the discriminatory tangible employment action "is, in essential character, an official act of the enterprise, a company act." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 144 (2004)(internal quotations omitted).

The discriminatory act alleged in the Complaint, the refusal of an employment agency to refer a qualified applicant for employment, is a tangible employment action. Thus, even if the *Faragher-Ellerth* defense were applicable outside the harassment context, it is plainly apparent that it is not applicable here. Accordingly, it is irrelevant whether Defendant took corrective action or whether Mr. Vijaisimh should have lodged a complaint with Defendant.

Because the EEOC would be prejudiced by the increased time and expense that would result in litigating this legally inapplicable defense, Defendant's Fifteenth and Seventeenth Affirmative Defenses should be stricken.

### 4. Worker's Compensation Law

Defendant's Nineteenth Affirmative Defense states that any claims for mental or emotional distress are barred by the exclusive remedy provisions of the New Jersey's Worker's Compensation Law. This defense is irrelevant because the Complaint does not seek emotional distress damages; indeed, they are unavailable under the ADEA. Rather, § 626(b) authorizes suit for lost wages as well as liquidated damages, which is the monetary relief that EEOC seeks in the Complaint. To the extent that New Jersey's Worker's Compensation law would purport to restrict such suits, it is preempted. U.S. Constitution Art. VI. § 2. Thus, this defense simply does not apply to this case.

### C. **Defendant's 3rd, 5th, 16th, 18th, and 20h Affirmative Defenses Should Be Stricken as Redundant Because They Are Just Restatements of the Denials Already Included in the Answer**

Defendant's Third, Fifth, Sixteenth, Eighteenth, and Twentieth Affirmative Defenses should be stricken as redundant because they do nothing more than restate denials that are raised elsewhere in the Answer. They are not even affirmative defenses. An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Defense*, Black's Law

11

Dictionary (10th ed. 2014). These "affirmative defenses" are just denials of facts alleged in the Complaint or bare denials of the EEOC's entitlement to relief which do not need to be separately pled, and which Defendant has already included in the body of its Answer.  In the body of its Answer, Defendant denies all the factual claims in the Complaint except for Paragraph 6f describing the email it sent to Mr. Vijaisimh telling him that his age was the reason it could not submit his resume for a job opening. These denials already encompass Defendant's Third, Fifth, Sixteenth, Eighteenth, and Twentieth defenses, making them redundant.

      Defendant's Eighteenth Defense that it is not subject to the ADEA because "it is not an employment agency under the ADEA" is literally the same as its denial of the allegation in paragraph 4 of the Complaint that it "has been an employment agency within the meaning of Section 11(c) of the ADEA." *See* Answer ¶ 18. Its Sixteenth Affirmative Defense, that "Plaintiff is not entitled to some or all of the specific relief requested in the Complaint" is the same as its response to the prayer for relief where it "denies that plaintiff is entitled to . . . the specific relief requested in the Complaint." Its Fifth Affirmative Defense, which claims that its actions "were neither willful, nor malicious, nor in disregard of Plaintiff's rights" is, to the extent that it is relevant, just a restatement of Defendant's denial of the allegation in paragraph 7 of the Complaint that alleges that "[t]he unlawful practices complained of above were willful." *See* Answer ¶ 7. And Defendant's Affirmative Third Affirmative Defense, that it is not liable because it "did not violate any rights that may be secured to plaintiff" and its Twentieth Affirmative Defense, that "Plaintiff cannot establish a prima facie case under the ADEA" merely restate its denials to paragraph 6 of the Complaint that it violated the ADEA. These defenses are purely redundant and should, therefore, be stricken.

## **CONCLUSION**

For the foregoing reasons, Defendant's Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses are insufficient as a matter of law or redundant. Failing to strike those defenses would prejudice the EEOC and the public by needlessly lengthening and complicating this litigation, and requiring the Commission to spend its limited time and resources litigating meritless or insupportable defenses rather than fulfilling its statutory mandate to eradicate employment discrimination. The EEOC therefore respectfully requests that the Court strike the challenged defenses from Defendant's Answer for the reasons set forth herein.

Dated: July 28, 2017
New York, NY

Respectfully submitted,

*/s/ Sebastian Riccardi*
SEBASTIAN RICCARDI
Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Telephone No.: 212-336-3698
Email: sebastian.riccardi@eeoc.gov

RAECHEL ADAMS
Supervisory Attorney

ROSEMARY DISAVINO
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Two Gateway Center, Suite 1703
Newark, NJ 07102-5233
Telephone No.: 973-645-6430
Facsimile No.: 973-645-4524
Email: rosemary.disavino@eeoc.gov